COLBURN *against* TOLLES :

### IN ERROR.

Where the plaintiff in an action of *assumpsit*, in three counts, alleged in the first, that *T.* was indebted to the plaintiff in the sum of 55 dollars, and that, in consideration that the plaintiff would accept the note of *T.*, for this debt, payable to the plaintiff, on demand, with interest, the defendant guarantied to the plaintiff, that *T.* should pay such note according to its tenor; and in the second and third counts, it was also alleged, that the note was given for a debt due by *T.*, to the plaintiff, and that the defendant, upon a similar consideration, indorsed it, and thereby promised, &c., without shewing, in either count, that there was any extension of credit upon the debt due from *T.*, or that any disadvantage was sustained by the plaintiff, or any benefit accrued to the defendant, by the substitution of the note for the pre-existing debt; it was held, that the alleged undertakings of the defendant were without consideration, and that the declaration, therefore, was insufficient.

THIS was an action of *assumpsit*, brought by *Tolles* against *Colburn ;* the declaration consisting of three counts.

In the first, the plaintiff alleged, that the defendant, on the 1st of *April, 1837,* at *New-Haven,* in consideration that the plaintiff would accept the note of *Amos Thomas* for the sum of 55 dollars, payable on demand, with interest, to the plaintiff, or order, for which sum the said *Thomas* was then and there indebted to the plaintiff, and justly owed, promised, undertook and guarantied to the plaintiff, that said *Thomas* should pay said note to the plaintiff, according to its tenor; that the plaintiff, confiding in said promise and guaranty of the defendant, did so accept said note of said *Thomas ;* but that the defendant has not performed his said promise, &c.

In the second count, the plaintiff alleged, that on the 1st of *April,* 1837, at *New-Haven,* the defendant, in consideration that the plaintiff would accept a certain other note of *Amos Thomas,* of that date, for the sum of 55 dollars, payable to the plaintiff, or order, for value received, on demand, with interest, for which sum said *Thomas* was then and there indebted to the plaintiff, and justly owed the plaintiff, indorsed said last-mentioned note, his own proper hand and name being thereto subscribed, and thereby promised, undertook and guarantied to the plaintiff, that said last-mentioned note then was good and collectable, and that the same should be good, and,

with the use of due diligence, be collectable, according to its tenor; that within a reasonable time thereafter, *viz.* on the 20th of *April*, 1837, at said *New-Haven*, he, the plaintiff, presented said last-mentioned note, the same being then due and unpaid, to said *Thomas*, for payment, and then and there demanded payment thereof, of said *Thomas ;* but said *Thomas* then and there neglected and refused, and has ever since neglected and refused, to pay the same ; of all which the defendant, afterwards, on the day and year last aforesaid, had notice : that before, and at the time when the plaintiff demanded the payment of said last-mentioned note as aforesaid, said *Thomas* was, and ever since has been, utterly insolvent, and unable to pay said last-mentioned note, or any part thereof; nor was said last-mentioned note, or any part thereof, collectable of said *Thomas ;* nor has the same, or any part thereof, been paid, but the same is now due to the plaintiff: and that the defendant, his last-mentioned promise and undertaking not regarding, has never performed the same, though often requested.

In the third count, the plaintiff alleged, that on the 1st of *April*, 1837, at *New-Haven*, the defendant, in consideration that the plaintiff would accept a certain other note of *Amos Thomas*, of that date, for the sum of 55 dollars, payable to the plaintiff, or order, for value received, on demand, with interest, for which said *Thomas* was then and there indebted to the plaintiff, indorsed said last-mentioned note, his own proper hand and name being thereunto subscribed, and thereby then and there promised, undertook and guarantied to the plaintiff, that said last-mentioned note was then good and collectable, and that the same should be good, and, with the use of due diligence, collectable, according to its tenor : that on said 1st of *April*, 1837, when said last mentioned note was made, said *Amos Thomas* then was, and from thence, hitherto has been, and now is, utterly insolvent, and unable to pay said last-mentioned note, or any part thereof; nor was said last-mentioned note, or any part thereof, collectable of said *Thomas ;* nor has the same, or any part thereof, been paid, but the same is now due to the plaintiff; but that the defendant his said last-mentioned promise not regarding, has never performed the same, though often requested.

To each of these counts the defendant pleaded *non assumpsit;* on which distinct issues were joined.

*New-Haven,*
*July, 1841.*

*Colburn*
*v.*
*Tolles.*

The cause was tried before the superior court, at *New-Haven, January* term, 1839; when the jury returned the following verdict: "In this case, the jury find the issue for the plaintiff; and thereupon find for the plaintiff 54 dollars, 87 cents, damages, and his costs." The court accepted the verdict, and rendered judgment thereon. The defendant then, by writ of error, brought the record before this court.

*Mix,* for the plaintiff in error, contended, 1. That each count in the declaration was insufficient. In the first place, neither of them shews a legal consideration; that any thing was received by the defendant, or foreborne or surrendered by the plaintiff; no acceptance or delivery of the note; no discharge of *Thomas* from the debt. Secondly, these counts are bad for other reasons. [Here the counsel specified two or three defects in each count, which the result renders it unnecessary to state.]

2. That the defendant was entitled to a verdict on each plea and issue; but the verdict given only finds " the issue," without saying *which,* and without answering the others. In this uncertainty, it finds neither, and ascertains no facts. *Patterson* v. *The United States,* 2 *Wheat.* 221. 225. *Coffin* v. *Jones,* 11 *Pick.* 45. 48. and other cases.

*Bristol,* (with whom was *Baldwin,*) for the defendant in error.

SHERMAN, J. The first count in the declaration states, that one *Amos Thomas* was indebted to the plaintiff, *Tolles,* in the sum of fifty-five dollars, and that, in consideration that the plaintiff would accept the note of *Thomas* for this debt, payable to the plaintiff, or order, on demand, with interest, the defendant *Colburn* guarantied to the plaintiff, that *Thomas* should pay the note according to its tenor, &c.

The second and third counts alleged a similar consideration, upon which *Colburn* endorsed the notes therein described.

In each count it is alleged, that the note was given for a debt due by, *Thomas* to the plaintiff.

*New-Haven,*
*July, 1841.*

Colburn
*v.*
Tolles.

As there was no extension of credit upon the debt due from *Thomas,* or any other favour allowed, or disadvantage sustained by *Tolles,* by the substitution of a note for the pre-existing debt, and as it is not shewn, that *Colburn* could derive any benefit from the transaction, it is obvious, that the alleged promises were made without consideration. For this reason, the declaration is insufficient; and the judgment of the superior court must be reversed.

The other points made by the counsel it is unnecessary to consider.

In this opinion the other Judges concurred.

Judgment reversed.